NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1991
_____

UNITED STATES OF AMERICA

v.

MICHAEL WALKER,
                         Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 4-99-cr-00089-003)
District Judge:  Honorable James F. McClure

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 12, 2010

Before:  FISHER, HARDIMAN and COWEN, *Circuit Judges.*

(Filed: April 22, 2010  )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Michael Walker appeals from the District Court's denial of his motion to reduce

his sentence.  We will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Walker pled guilty in 2001 to one count of possession with intent to distribute in excess of five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) and 18 U.S.C. § 2. Classifying Walker as a career offender under § 4B1.1 of the United States Sentencing Guidelines based on two prior drug offenses, the District Court sentenced him to 262 months in prison, the minimum under the Guidelines absent a downward departure. This Court later affirmed Walker's conviction and sentence.

In 2008, after Walker sent a letter to the District Court asking whether he qualified for a sentence reduction based on amendments regarding the applicable sentencing range for crack cocaine offenses, the District Court appointed the Federal Public Defender's Office to represent him. The Public Defender's Office thereafter moved to withdraw as counsel, asserting that Walker was ineligible for the sentence reduction. The District Court agreed, granted the motion to withdraw, and denied what it construed as Walker's

request for a sentence reduction. Walker has timely appealed that ruling.[1] Counsel has been appointed to represent Walker in this appeal.

## II.

In November 2007, the Sentencing Commission adopted Amendment 706, which reduced the base offense levels for crack cocaine offenses under U.S.S.G. § 2D1.1(c) by two levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). Amendment 706 was declared retroactive to March 3, 2008. U.S.S.G. App. C., Amend. 713 (May 1, 2008). Title 18 U.S.C. § 3582(c)(2) authorizes a court to reduce the pre-Amendment 706 sentence of a defendant "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." One such policy statement provides that "[a] reduction in the defendant's term of imprisonment is . . . not authorized under 18 U.S.C. § 3582(c)(2) if an amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). We have explained that "Amendment 706 only affects calculation under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level required by § 4B1.1." *United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009) (citations omitted).

---

[1]The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of Walker's motion for an abuse of discretion. *United States v. Styer*, 573 F.3d 151, 153 (3d Cir. 2009).

Here, because Walker was sentenced as a career offender under U.S.S.G. § 4B1.1, he may not avail himself of a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 706. *See Mateo*, 560 F.3d at 155. Indeed, Walker concedes that the relief he seeks is foreclosed by *Mateo*. While Walker also contends that the District Court improperly refused to reduce his sentence based on *United States v. Booker*, 543 U.S. 220 (2005), and *Gall v. United States*, 552 U.S. 38 (2007), he overlooks that our precedents clearly preclude this line of attack as well. *See United States v. Doe*, 564 F.3d 305, 313 (3d Cir. 2009); *Mateo*, 560 F.3d at 155 ("[T]his Court has rejected the argument that *Booker* provides a basis for reduction of sentence not otherwise allowable under § 3582(c)."). Accordingly, the District Court did not abuse its discretion in declining to reduce Walker's sentence.

III.

For the foregoing reasons, we will affirm the District Court's denial of Walker's motion to reduce his sentence.