

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2009

# USA v. Brett Styer

Precedential or Non-Precedential: Precedential

Docket No. 08-2951

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Brett Styer" (2009). *2009 Decisions*. Paper 1102.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1102

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2951

UNITED STATES OF AMERICA

v.

BRETT STYER,
a/k/a FLY,

Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 02-cr-00570-001)
District Judge:  Honorable Legrome D. Davis

Submitted Under Third Circuit LAR 34.1(a)
March 2, 2009

Before: BARRY, WEIS, and ROTH, <u>Circuit Judges</u>

(Opinion Filed: March 25, 2009)

Lawrence Singer, Esq.
Suite 1010
1617 John F. Kennedy Boulevard
One Penn Center
Philadelphia, PA 19103-0000

<u>Counsel for Appellant</u>

Bernadette A. McKeon, Esq.
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadephia, PA 19106-0000

Counsel for Appellee

---

OPINION OF THE COURT

---

BARRY, Circuit Judge

Defendant Brett Styer appeals the District Court's June 6, 2008 order denying his motion pursuant to 18 U.S.C. § 3582(c) for modification of his sentence in light of the recent retroactive amendment to the crack cocaine Sentencing Guidelines. *See* 18 U.S.C. § 3582(c); U.S.S.G. § 1B1.10. We will affirm.

## I.

Pursuant to a written plea agreement, Styer pled guilty on November 20, 2002 to a 13-count Superceding Information charging him with distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); distribution of more than 5 grams of cocaine base within 1,000 feet of a school zone, in violation of 21 U.S.C. § 860; and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Styer's original guideline range was 151-188 months, based on an offense level of 31 and a criminal history category of IV. The District Court imposed a within-guidelines sentence of 180 months incarceration on May 5, 2003.

By letter of May 21, 2008, the Federal Community Defender Office for the Eastern District of Pennsylvania, as part of a screening committee that also includes members of the United States Attorney's Office and the Probation Office, notified the District Court that Styer was eligible for a retroactive reduction of his sentence by virtue of the recent amendment to the Sentencing

Guidelines regarding the applicable range for crack cocaine offenses. By order of June 6, 2008, the Court concluded that although Styer was eligible for a reduction, "consideration of the § 3553(a) factors and the safety and welfare of the public make reduction of Styer's sentence inappropriate." (App. 50.) Styer then formally moved for a reduction of sentence, citing, in addition to the amendment, his commendable conduct post-conviction.[1] The Court again refused to reduce the sentence, referring to its order of June 6, 2008 and the justifications articulated therein. (A. 74.) Styer timely appealed that decision.

## II.[2]

Effective November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which modified the guideline ranges applicable to crack cocaine offenses and generally reduced by two the base offense levels for such offenses under § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007); *see United States v. Wise*, 515 F.3d 207, 220 (3rd Cir. 2008). The Sentencing Commission later declared Amendment 706 to be retroactive. U.S.S.G. App. C., Amend. 713 (May 1, 2008).

Styer sought a reduction of his sentence in accordance with Amendment 706 by moving pursuant to 18 U.S.C. § 3582(c)(2), which provides, in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

---

[1] Counsel argued that Styer had "completed courses in impulse control, cooking, public speaking and parenting" and "prepared a video which was shown to a middle school in Chester County to help dissuade students from participating in crimes." (A. 53.) Several letters from schoolchildren that had seen the video were also submitted, along with Styer's own letter in which he acknowledged his criminal past but professed his reformed ways.

[2] The District Court had jurisdiction to review Styer's motion for modification of his sentence under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The determination as to whether a reduction is warranted—"the court *may* reduce" (emphasis added)—is committed to the discretion of the district court. Accordingly, as our sister circuits have held, we apply an abuse of discretion standard. *See, e.g.*, *United States v. Carter*, 500 F.3d 486, 490 (6th Cir. 2007); *United States v. Rodriguez-Pena*, 470 F.3d 431, 432 (1st Cir. 2006); *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005).

Styer argues: (1) that the District Court denied him due process in resolving his § 3582(c)(2) motion without a hearing; (2) that the denial of that motion was predicated, in part, on an erroneous and unsupported factual conclusion; and (3) that his unmodified sentence is substantively unreasonable. He urges us to remand with an instruction that the Court consider a modified sentence within the amended guideline range of 121-151 months, the same range suggested by the Federal Community Defender's Office in its letter to the Court of May 21, 2008. None of these contentions has merit.

**A.**

Styer was not entitled to an evidentiary hearing on his § 3582(c)(2) motion. Section 1B1.10(a)(3) clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3); *see also United States v. Faulks*, 201 F.3d 208, 210 (3d Cir. 2000) (distinguishing between a full resentencing and a proceeding under 18 U.S.C. § 3582(c)(2)). Instead, courts are constrained to consider only the retroactive amendment at issue and are instructed to "leave all other guideline application decisions unaffected." *Id.* § 1B1.10(b)(1); *see United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002). As other Courts of

Appeals have found, "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999); *see United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). Indeed, according to Rule 43(b)(4) of the Federal Rules of Criminal Procedure, a defendant "need not be present" for a § 3582(c)(2) proceeding. Fed. R. Crim. P. 43(b)(4).[3]

How a court decides to consider a § 3582(c)(2) motion is a matter of discretion. *See Tidwell*, 178 F.3d at 949. Here, the District Court, which had sentenced Styer in the first instance, was familiar with the facts of the case and in the best position to determine whether a hearing was warranted. The Court considered Styer's factual arguments before concluding that a reduction was not warranted. Critically, Styer does not identify what information he would have presented at a hearing that he did not include in the papers supporting his motion. Accordingly, the Court acted within its discretion when it determined that a hearing was not necessary.

**B.**

Next, the District Court did not abuse its discretion by concluding that Styer continued to pose a threat to public safety. The record demonstrates that the Court recognized Styer's

---

[3] While Styer cites several cases in which courts have ordered factual hearings on § 3582(c) motions, none stands for the proposition that a court must do so on all such motions. (Appellant's Br. 12.) Moreover, Styer's reliance on *United States v. Byfield*, 391 F.3d 277 (D.C. Cir. 2004), is misplaced. While the D.C. Circuit in *Byfield* reversed and remanded where the district court denied without a hearing the defendant's motion to modify his sentence under § 3582(c)(2), the factual question in that case was whether a listed amendment at issue had the effect of lowering the defendant's sentence in accordance with § 1B1.10(a)(2)(B). *See id.* at 280-81. The question before us is fundamentally different. Here, there is no dispute that Amendment 706 rendered Styer eligible for a reduced sentence; the relevant question, however, is whether a reduction was warranted.

rehabilitative efforts and, in fact, commended him on his "progress since incarceration." (A. 74.) Ultimately, however, the Court concluded that this single factor did not override the concerns articulated in its order of June 6, 2008, including the nature of Styer's crime, his criminal history, his use of firearms, the need for deterrence, and public safety.[4] While Styer disagrees with the comparatively little weight the Court accorded his post-conviction conduct in relation to other factors, we cannot conclude that the Court's reasoned balancing of those factors was an abuse of discretion.

## C.

Finally, we consider whether Styer's unmodified sentence of 180 months was substantively reasonable, that is, "'whether the district judge imposed the sentence he or she did for reasons that are logical and consistent with the factors set forth in section 3553(a).'" *United States v. Cooper*, 437 F.3d 324, 330 (3d Cir. 2006) (quoting *United States v. Williams*, 425 F.3d 478, 481 (7th Cir.2005)). In proceedings under § 3582(c)(2), the § 3553(a) factors are supplemented by the directive that the court "consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n.1(b)(ii). As the district court is in the best position to determine the appropriate sentence, we may not reverse simply because we would have imposed a different sentence. *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). Rather, we must ensure that the sentence, even if beyond the guideline range, is "within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *Id.*

Styer argues that his sentence was substantively unreasonable in light of the reduction for which he was eligible per Amendment 706. We disagree. Taken as a whole, and given the deferential standard with which we review sentencing

---

[4] We also note that the commentary to § 1B1.10 provides that courts *may* consider post-conviction conduct but are under no obligation to do so. U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

determinations, we find that the District Court's decision to leave the sentence alone was reached after consideration of the factors set forth in § 3553(a) and the commentary to § 1B1.10. The Court stressed that Styer was a danger to the community, that he had shot five times at a police officer, and that he had endeavored to conceal firearms from investigators. As the product of evidently careful weighing and consideration of multiple factors, the Court's decision is exactly the type of "reasoned appraisal" to which we defer on review. *Kimbrough v. United States*, 128 S.Ct. 558, 576 (2007).

## III.

For the reasons set forth above, we will affirm the District Court's order denying the request for a modified sentence.