**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3041
_____

UNITED STATES OF AMERICA

v.

RANDY COLEMAN, also known as STEVEN JOHNSON;
also known as STEVEN LEWIS; also known as KHABIR HAFIZ

Randy Coleman,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 2-01-cr-00038-001)
District Judge:  Hon. Paul S. Diamond

_____

Submitted under Third Circuit LAR 34.1(a)
on May 10, 2010

Before:  BARRY and ROTH, Circuit Judges
and HILLMAN*, District Judge

(Opinion filed July 6, 2010 )

_____

*Honorable Noel L. Hillman, United States District Judge for the District of New
Jersey, sitting by designation.

OPINION

**ROTH**, <u>Circuit Judges</u>:

Randy Coleman appeals the denial of his motion pursuant to 18 U.S.C. § 3582(c) for a sentence modification based on the retroactive amendments to the crack cocaine Sentencing Guidelines. The District Court had jurisdiction to consider his motion under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291. We will affirm.

## I. Background

Coleman was convicted of, *inter alia*, possessing crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He received a sentence of 220 months incarceration. After appealing his conviction and sentence, Coleman filed a § 3582 motion to modify his sentence. That motion was based on Amendment 706 to § 2D1.1 of the Sentencing Guidelines, which retroactively reduced the base offense level for crack cocaine convictions. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007).

The District Court found that this amendment applied to Coleman and would result in a sentence reduction; however, it denied Coleman's motion based on his post-sentence conduct, including an assault in which he stabbed another inmate eight times. Coleman argues that it was error for the District Court to consider his post-sentence conduct. He argues further that he was entitled to an evidentiary hearing, as he could have introduced evidence that he had acted in self defense, that he had three years of good conduct, that he

had paid his assessments and fines in full, and that he had completed over 1,000 hours in GED classes.

## II. **Discussion**

Because § 3582(c)(2) provides that a "court *may* reduce the term of imprisonment," we review the District Court's denial for abuse of discretion. *United States v. Styer*, 573 F.3d 151, 153 (3d Cir. 2009). Not only does a court have discretion to determine if a modification is warranted, but it also has discretion to determine if an evidentiary hearing is necessary. *Id.*

Section 3582(c)(2) requires courts to consider the applicable factors set forth in 18 U.S.C. § 3553(a), including the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). In addition, courts may consider post-sentencing conduct when ruling on a sentence modification motion. U.S.S.G. § 1B1.10, cmt. n. 1(B)(iii).

Here, the District Court considered the § 3553(a) factors as well as Coleman's post-sentence conduct, including not only the assault but also Coleman's educational courses and his payment of all fines and assessments. The District Court weighed these factors and determined that, even crediting Coleman's assertion that the assault was justified self-defense, Coleman presented a public safety risk. It therefore denied his modification motion. In doing so, the District Court weighed the relevant factors. We cannot conclude that the Court abused its discretion in denying Coleman's motion.

We likewise find that the District Court did not abuse its discretion in reaching this determination without an evidentiary hearing. Coleman did not request a hearing and, even if he had, Coleman has not identified any information he would have presented that the District Court did not already consider.

## III. **Conclusion**

Accordingly, we will affirm the District Court's order denying Coleman's request for a modified sentence.