NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1249
_____

UNITED STATES OF AMERICA

v.

JAMAL GOODMAN,
AKA Madik Clayton,

Jamal Goodman,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-02-cr-00643-001)
District Judge: Honorable Timothy J. Savage
_____

Submitted Under Third Circuit LAR 34.1(a)
March 14, 2011

Before: RENDELL, BARRY and CHAGARES, Circuit Judges

(Filed March 22, 2011)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Appellant Jamal Goodman was convicted after a jury trial of drug offenses

involving the distribution of cocaine base, or crack cocaine, and of possessing a firearm

in furtherance of a drug trafficking crime. Goodman was sentenced to 164 months in prison on March 8, 2004. Goodman appealed his sentence to this Court, and, on remand, the District Court applied *United States v. Booker*, 543 U.S. 220 (2005), to reduce Goodman's sentence to 144 months.[1]

In 2007, the United States Sentencing Commission amended the United States Sentencing Guidelines to decrease offense levels for crimes involving crack cocaine, and Goodman subsequently moved the District Court for a second resentencing based on the amended guideline range for his offenses under 18 U.S.C. § 3582(c)(2). The District Court again reduced Goodman's sentence, this time to 134 months. In this appeal, Goodman argues that the District Court abused its discretion by declining to reduce his sentence even further in response to the amended Guidelines. For the reasons set forth below, we will affirm.[2]

## I.

Goodman's original guideline sentencing range was 100 to 125 months in prison for the drug offenses, to be followed by a mandatory 60-month sentence for the firearm offense under 18 U.S.C. § 924(c)(1), for a total range of 160 to 185 months. At the *Booker* resentencing hearing, the District Court applied a 16% downward departure from the guideline range for the drug offenses, sentencing Goodman to 84 months in prison for

---

[1] We affirmed the reasonableness of the District Court's resentencing on a second direct appeal in 2007.

[2] The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. Our jurisdiction on appeal arises under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

the drug offenses, plus 60 months for the firearm offense, for a total sentence of 144 months.

The Sentencing Commission's 2007 revisions to the Sentencing Guidelines for offenses involving crack cocaine, U.S. Sentencing Guidelines Manual app. C, amend. 706 (2008), reduced Goodman's sentencing range for the drug offenses to 84 to 105 months, so that Goodman's total revised sentencing range (including the firearm offense), was 144 to 165 months. At his second resentencing hearing, Goodman requested a new sentence of 96 months in prison. The District Court reduced Goodman's sentence to 134 months in prison, below the revised range of 144 to 165 months, but above Goodman's requested sentence.

## II.

18 U.S.C. § 3582(c)(2) provides that a district court may apply subsequent revisions to the Sentencing Guidelines to reduce a defendant's sentence "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." A district court's decision to reduce a sentence under § 3582(c)(2) is discretionary, and we review such decisions for abuse of discretion. *United States v. Styer*, 573 F.3d 151, 153 (3d Cir. 2009).

On appeal, Goodman contends that the District Court abused its discretion in declining to award him the 96-month sentence he requested. In particular, Goodman argues: (1) because he received a 16% downward variance at the *Booker* resentencing, he is entitled to a proportional, 16% reduction from the amended guideline range, which

3

would reduce his sentence to 71 months for the drug offenses, and 131 months total; and (2) the District Court should have applied an additional *Booker* reduction to reduce this 131-month sentence even further, to 96 months.

To support his first, "proportional reduction" argument, Goodman observes that the relevant "policy statement" in the Sentencing Guidelines provides an example in which a defendant who originally received a sentence 20% below his guideline range was granted a proportional, 20% reduction from his amended guideline range. U.S. Sentencing Guidelines Manual § 1B1.10 cmt. 3. But that example does not establish that a "proportional reduction" was mandatory in Goodman's case, and, in fact, the Guidelines provide only that a reduction "comparably less" than the amended guideline range "may" be appropriate. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2).

Moreover, the Guidelines state that, "if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate." *Id.* Here, because Goodman had already received a below-guideline sentence based on the § 3553(a) factors and *Booker*, he was not entitled to *any* further reduction in his sentence. Despite this admonition, the District Court exercised its discretion to reduce Goodman's sentence to 134 months, below the 144-month minimum provided by the amended guideline range.

In a written memorandum opinion, the District Court clearly explained why the 134-month sentence was appropriate: it considered the amended guideline range, the § 3553(a) factors, the Guidelines' policy statements, the reasons stated at the original

4

resentencing hearing, Goodman's post-sentencing conduct, and the absence of evidence that Goodman is a threat to public safety. Therefore, District Court properly followed the mandates of § 3582(c)(2), and did not abuse its discretion in declining to further reduce Goodman's sentence to 96 months in prison.

We need not address Goodman's second argument, that he was entitled to an additional *Booker* reduction at his second resentencing, in any detail. The Supreme Court has specifically addressed this issue and held that the principles announced in *Booker* do not apply in resentencing proceedings under § 3582(c)(2). *Dillon v. United States*, 130 S. Ct. 2683, 2692-93 (2010).

Accordingly, we will affirm the judgment of the District Court.