BLD-158                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1015
_____

UNITED STATES OF AMERICA

v.

JOSEPH TERRELL,
a/k/a Jerry Jordan a/k/a James Terrell
a/k/a Jay a/k/a James Jordan,
                                                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 04-cr-00026-001)
District Judge:  Honorable James Knoll Gardner

_____

Submitted for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
April 12, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed: May 2, 2012)
_____

OPINION
_____

PER CURIAM

Joseph Terrell appeals from the District Court's order denying his motion for a

reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2).  He also seeks appointment of

counsel to represent him on appeal.  Because the appeal does not present a substantial

question, we will summarily affirm the District Court's order and deny Terrell's request for counsel. See Third Cir. LAR 27.4 and I.O.P. 10.6.

I

In 2004, Terrell pleaded guilty to: (Count One) distribution of more than 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (Count Two) aiding and abetting the distribution of more than 50 grams of crack cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); (Count Three) possession with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (Count Four) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (Count Six) possession of a machine gun, in violation of 18 U.S.C. § 922(o)(1). Pursuant to the plea agreement, Terrell stipulated that his offense involved 338.1 grams of crack cocaine and 1000 grams of powder cocaine. Based on this drug quantity, Terrell faced a sentence of 25 years' imprisonment, which included 20 years for the violations of 21 U.S.C. § 841(b)(1)(A) and a mandatory consecutive term of 5 years imprisonment under 18 U.S.C. § 924(c)(1)(A).

Further, under the Sentencing Guidelines, Terrell's base offense level was 34, with a criminal history category of III. However, Terrell's prior convictions subjected him to the career offender provision in the Guidelines, U.S.S.G. § 4B1.1, which resulted in an increased base offense level of 37 and a criminal history category of VI. Terrell received a three-level reduction in his offense level for acceptance of responsibility, and the District Court granted his unopposed request for a one-level criminal history reduction,

2

pursuant to § 4A1.3, on the ground that the career offender status overstated the seriousness of Terrell's criminal history. In the end, the District Court determined that Terrell had an offense level of 34 and a criminal history category of V, yielding a Guidelines range of 235 to 292 months' imprisonment, in addition to the mandatory five-year term required by § 924(c)(1)(A). The District Court imposed an aggregate sentence of 300 months.

In December 2011, Terrell filed in the District Court a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence in light of the 2007 amendments to the Sentencing Guidelines. The District Court denied the motion, and Terrell now appeals that decision.

II

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of Terrell's § 3582 motion for abuse of discretion. See United States v. Styer, 573 F.3d 151, 153 (3d Cir. 2009). We may summarily affirm if the appeal does not present a substantial question, see Third Cir. LAR 27.4 and I.O.P. 10.6, and we may do so on any basis apparent in the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

In November 2007, the Sentencing Commission amended the crack cocaine guidelines by revising a portion of the drug quantity table at § 2D1.1(c). The amendment generally reduced the base offense levels for crack offenses under § 2D1.1(c) by two levels. U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007). The Sentencing Commission later made Amendment 706 retroactive. U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008).

A district court may reduce a defendant's sentence under § 3582 "in the case of a

3

defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). However, a district court's § 3582 authority to reduce sentences based on amended guideline ranges is limited by § 1B1.10, which provides, in relevant part, that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if the "amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

In denying Terrell's motion, the District Court reasoned that Amendment 706 did not lower Terrell's guideline range because he was sentenced pursuant to a range calculated under the career offender provision of U.S.S.G. § 4B1.1, not § 2D1.1(c). We agree. As we held in United States v. Mateo, 560 F.3d 152 (3d Cir. 2009), "Amendment 706 only affects calculations under § 2D1.1(c), and the lowering of the base offense level under § 2D1.1(c) has no effect on the application of the career offender offense level required by § 4B1.1." Id. at 155. Because Terrell was sentenced using the career offender range, and because any downward departure from that range was not expressly made based on the § 2D1.1 guideline range, § 3582 does not authorize a reduction of sentence in this case, and the District Court did not abuse its discretion in denying Terrell's motion.

Therefore, we will summarily affirm. Terrell's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).