NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3998
_____

UNITED STATES OF AMERICA

v.

BENJAMIN PENA,
                                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 3-09-00858-001)
Honorable Joel A. Pisano, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
October 8, 2013

BEFORE: FUENTES, GREENBERG, and BARRY, Circuit Judges

(Filed: November 19, 2013)
_____

OPINION OF THE COURT
_____


GREENBERG, Circuit Judge.

This matter comes on before this Court on an appeal from a judgment of

conviction and sentence entered on October 16, 2012.  A jury convicted defendant-

appellant, Benjamin Pena, of conspiracy to defraud the United States and to submit false

claims, in violation of 18 U.S.C. § 371 (Count One); of two counts of submitting false claims, in violation of 18 U.S.C. § 287 (Counts Two and Three); and of two counts of mail fraud, in violation of 18 U.S.C. § 1341 (Counts Five and Six). The District Court sentenced Pena to concurrent 55-month custodial terms on all five counts to be followed by concurrent three-year terms of supervised release on all five counts. In addition, the Court ordered him to make restitution of $1,280,000 to the United States and to forfeit $1,000,000 to the United States.

The case arose out of Pena's conduct in running a system to make bogus Video Relay Service calls, a type of telecommunication relay services, in order to obtain reimbursement from the Federal Communications Commission. Pena working with other individuals provided these services for which the FCC was billed to deaf and hearing-impaired individuals which allowed such individuals to make telephone calls to individuals with hearing. The services were provided through the use of individual video interpreters. This procedure obviously is cumbersome and, at the times germane to this case, a provider of the services was reimbursed at the rate of more than $6.00 per minute. Evidence showed that the loss to the government from the scheme was between $1,000,000 and $2,500,000, a critical number because it led to a 16-level increase in Pena's sentencing level. U.S.S.G. § 2B1.1(b)(1)(I). In fact, the presentence report calculated that about $1,280,000 of the loss should be attributed to Pena, a figure that the District Court adopted when sentencing Pena without holding an evidentiary hearing. The District Court calculated Pena's total offense level at 28 which when combined with

2

a criminal history category of I, yielded a sentencing range of 78 to 97 months. Thus, Pena's 55-month custodial sentence was significantly below the guidelines range.

Pena, represented by counsel, filed a timely pro se notice of appeal from all aspects of the conviction and sentence, but his brief asks, beyond giving him sentencing relief, only that we reverse his conspiracy conviction.[1] Pena lists the issues on this appeal and the standards of review as follows:

> 1. Did the district court commit plain error in entering a judgment of conviction on the conspiracy count (Count 1) against Pena where the evidence supported a conclusion that the alleged conspiratorial parties were involved in legitimate businesses?
>
> Standard of Review: Plain error. An appellate court reviews for plain error a challenge to the sufficiency of the evidence where a Rule 29 motion was not made in the trial court. United States v. Anderson, 108 F.3d 478, 480 (3d Cir. 1997).
>
> 2. Did the district court err in fixing the loss amount attributable to Pena in calculating his sentencing guideline offense level?
>
> Standard of Review: Abuse of discretion in part and clear error in part. An appellate court reviews for abuse of discretion a district court's decision not to hold an evidentiary hearing on a sentencing issue. See United States v. Styer, 573 F.3d 151, 153-54 (3d Cir. 2009). An appellate court reviews for clear error the district court's factual findings concerning the amount of loss. United States v. Napier, 273 F.3d 276, 278 (3d Cir. 2001).
>
> 3. Was the district court's fifty-five month sentence unreasonable in that it is both procedurally and substantively flawed and, as a result, is greater than necessary to meet the purposes of sentencing in light of Pena's particular circumstances?
>
> Standard of Review: A sentence's overall reasonableness is reviewed under the 'familiar abuse-of-discretion standard of review.' Gall v. United

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

States, 552 U.S. 38, 46 (2007); United States v. Tomko, 562 F.3d 558, 564-68 (3d Cir. 2009) (en banc).

Appellant's br. at 1-2.

We note that a court of appeals "view[s] the evidence in the light most favorable to the government, and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Shavers, 693 F.3d 363, 373 (3d Cir. 2012) (quoting United States v. McGuire, 178 F.3d 203, 206 n.2 (3d Cir. 1999)) (internal quotation marks omitted), vacated on other grounds, 133 S.Ct. 2877 (2013). Thus, a court of appeals "will overturn the verdict 'only when the record contains no evidence, regardless of how it is weighted,[2] from which the jury could find guilt beyond a reasonable doubt.'" Id. (quoting United States v. Moyer, 674 F.3d 192, 206 (3d Cir. 2012)).

We find no error in any of the District Court proceedings and conclude that we would not be justified in overturning either the conviction or the sentence. We, however, do make one observation. Although Pena acknowledges that the standard of review gives deference to the verdict, as the government sets forth in its brief, and also acknowledges that he is appealing on a plain error basis to the extent that he advances a sufficiency of the evidence argument, he nevertheless confuses the parties' burden with respect to the weighing of the evidence as he contends that "the evidence supported a conclusion that the alleged conspiratorial parties were involved in legitimate businesses." Appellant's br. at 1. Yet it is surely true that, in many cases in which a defendant is convicted, the

---

[2] Although we used the word "weighted" in Shavers, we may have intended to use the word "weighed."

4

evidence could have justified the jury in returning a not guilty verdict. But this reality is irrelevant because our inquiry is whether the evidence could have supported a guilty verdict not whether it could have supported a not guilty verdict.

The judgment of conviction and sentence entered on October 16, 2012, will be affirmed.