**CLD-030**                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2737
_____

UNITED STATES OF AMERICA

v.

SANJEEV ANANT SRIVASTAV,
                                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-05-cr-00193-007)
District Judge:  Honorable Paul S. Diamond

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 29, 2015
Before: FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  November 16, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Sanjeev Anant Srivastav appeals the District Court's order denying his motion requesting a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will summarily affirm.

## I.

Following a trial, a jury found Srivastav guilty of seven counts related to his role in an illegal prescription drug enterprise. He received a sentence of 180 months, which was within the applicable Sentencing Guidelines range. The District Court subsequently reduced Srivastav's sentence to 156 months.

In May 2015, Srivastav filed a motion under 18 U.S.C. § 3582(c)(2). He sought to have his sentence reduced based on Amendment 782 to the U.S. Sentencing Guidelines, which lowered the base offense assigned to particular drug quantities. The District Court denied the motion after it considered the applicable law and determined the sentencing factors under § 3553(a) did not warrant a reduction. Srivastav appealed.

## II.

We begin with a question of appellate jurisdiction. The order denying Srivastav's motion to reduce his sentence was entered on June 24, 2015. He had 14 days, or until July 8, 2015, to file a notice of appeal. See Fed. R. App. P. 4(b)(1). Srivastav filed his notice of appeal on July 11, 2015, at the earliest. He has alleged that he did not receive the District Court's order until July 11, 2015, and that he filed his notice of appeal within

24 hours of receiving the order.[1]  Srivastav asks us to exclude the time between the

order's entry and his receipt of that order.  In this case, we need not decide the question

of the timeliness of Srivastav's notice of appeal, as the 14-day period for appeals in a

criminal case is non-jurisdictional, see Virgin Islands v. Martinez, 620 F.3d 321, 328-29

(3d Cir. 2010), and the Government has not pressed the timeliness issue.

III.

Because § 3582(c)(2) provides that a "court *may* reduce" the term of

imprisonment, we review the District Court's denial for abuse of discretion.  United

States v. Styer, 573 F.3d 151, 153 (3d Cir. 2009).  We may summarily affirm the decision

of the District Court if no substantial question is presented on appeal.  See 3d. Cir. LAR

27.4 and I.O.P. 10.6.  Section 3582(c)(2) requires courts to consider the applicable factors

set forth in 18 U.S.C. § 3553(a), including, inter alia, the seriousness of the offense.

While finding Srivastav's post-sentencing conduct laudable, the District Court

nonetheless declined to reduce his sentence.  It noted that Srivastav, a doctor trained and

licensed in India, participated in a massive international conspiracy to introduce

prescription drugs and controlled substances into interstate commerce by selling drugs

online to consumers without a prescription.  The District Court concluded Srivastav's

behavior was extremely serious, extending over two years and generating millions of

---

[1]  We apply the prison mailbox rule, Houston v. Lack, 487 U.S. 266, 270-72 (1988), and credit Srivastav's statement that he gave his notice of appeal to prison staff within 24 hours of receiving the District Court's order.

dollars in illegal proceeds.  After reviewing Srivastav's motion in the District Court and his filing in this Court, which makes reference to general policy concerns about lengthy drug sentences, we determine that the District Court did not abuse its discretion in denying Srivastav's motion.

IV.

Therefore, we will summarily affirm the District Court's order denying Srivastav's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  We deny Srivastav's motion for an expedited briefing schedule as moot.