NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 16-1817 & 16-1818
_____

UNITED STATES OF AMERICA

v.

WANDA SOLOMON,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-05-cr-350-002 & 2-05-cr-385-003)
District Judge:  Hon. Terrence F. McVerry
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 3, 2016

Before:   JORDAN, GREENAWAY, JR., and RENDELL, <u>Circuit Judges</u>

(Filed: November 9, 2016)
_____

OPINION[*]
_____

JORDAN, Circuit Judge

     Wanda Solomon was sentenced in 2007 for conspiracy to distribute and possess

with intent to distribute cocaine and cocaine base.  After considering the sentencing

_____

     [*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

factors contained in 18 U.S.C. § 3553(a), the United States District Court for the Western District of Pennsylvania sentenced her to a prison term that fell within the range recommended by the United States Sentencing Guidelines. A 2014 amendment to those guidelines retroactively reduced the offense level associated with her drug conviction by two steps. As a result, Solomon sought a reduction of her sentence, but, given the seriousness of her offenses, the Court concluded that a reduction was not appropriate. Because that decision was a sound exercise of discretion, we will affirm.

## I.      BACKGROUND

Solomon ran a large-scale cocaine distribution ring in western Pennsylvania. She involved her family members, including at least one minor child, in her drug dealing. Her son, Jelani, became actively involved as a co-conspirator and was arrested. He then ordered the murder of an informant he believed had led to the arrest.

Solomon's drug dealing continued for over a decade before the law caught up with her. She and her co-conspirators were charged in two indictments with conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Two members of her group were also charged with the murder of the informant, but Solomon was not directly implicated in that crime.

Solomon entered into a consolidated plea agreement with regard to the conspiracy counts in both indictments. At the time of her sentencing, in March 2007, the parties stipulated that she had possessed somewhere between five and fifteen kilograms of cocaine. This corresponded to an offense level of 32 in the Drug Quantity Table in the guidelines. As a result of sentencing enhancements for her managerial role in the

2

enterprise, and her decision to involve a minor in her criminal enterprise,[1] the offense level was raised to 37. It was then reduced by two levels based on Solomon's acceptance of responsibility, resulting in a total offense level of 35. The guidelines recommended an incarceration period of between 210 and 262 months. In ordering Solomon to be imprisoned for 240 months, the Court noted that it was taking into account the well-known sentencing factors set forth in § 3553(a). During the sentencing hearing, the judge remarked on the seriousness of the crimes and the need to impose a lengthy sentence:

> The pervasiveness of your conspiracy is despicable; most especially despicable because it appears as though almost every sibling in your family was involved in criminal activity one way or another, including having the involvement to some degree of a minor … in transporting drugs and/or money over the course of the time -- it's absolutely incredible to me that everybody in the Solomon family was involved in this criminal activity for a lengthy period of time.
>
> It is clear that you had a major leadership role in the conspiracy and you continued the conspiracy after the horrific homicide of a helpless man … for virtually no reason in the world. That you continued to run the business, you continued to supply Jelani with money, you continued to pay his bills, you continued to help [one of the other co-conspirators] after this incident.
>
> Your prior criminal involvement and history is of no small moment in my consideration of sentencing.

(App. at 171.)

In February 2016, Solomon filed a motion for a reduction of her sentence as a result of recent amendments to the sentencing guidelines which retroactively reduced the base offense levels for certain drug offenses. *See* U.S. Sentencing Guidelines Manual

---

[1] The sentence enhancement concerned the involvement of one particular child who was directed by Solomon to deliver cocaine and to pick up payments. The District Court also may have considered, however, that Solomon had likely involved other minors in her criminal activities over the years.

3

§ 2D1.1(c) (U.S. Sentencing Comm'n 2016); *Id.* at app. C supp. amends. 782, 788.

Solomon also asked the Court to take into account her post-sentencing conduct. While in prison she has invested time in education, received a high school graduation equivalency certificate, and been involved in prison service organizations. She requested a sentence reduction to 168 months – a sentence on the lower end of the newly recommended guideline range of 168 to 210 months.

The government acknowledged that Solomon was eligible for the reduction but argued that the grave nature of her criminal conduct made a reduction inappropriate. The District Court agreed. In its Memorandum Opinion, it emphasized that Solomon's initial sentence "was not ultimately based on" the sentencing guidelines which "were advisory only," but instead "was based on [the] Court's thorough evaluation of the § 3553 sentencing factors." (App. at 2.) The Court then concluded that, for a variety of reasons, it would "adhere[] to its original sentencing decision and decline[] to exercise its discretion to reduce Defendant's sentence." (App. at 3.) It noted:

> (1) Defendant received a benefit because the presentence investigation report combined the two drug conspiracies . . . , such that she avoided the potentiality of consecutive mandatory minimum sentences at each case ... ; (2) … she introduced her son Jelani to the supplier and set up the initial deals ... ; (3) she took over the cocaine shipments after Jelani went to jail ... ; (4) she used her own minor children to facilitate the drug conspiracy, including to pick up payments and to deliver cocaine ... ; (5) she had a long history of drug dealing, including in the mid-1990s and from at least late 1999 through November 2005 in the crimes of conviction ... ; and (6) she held a leadership role and continued to operate the conspiracy after the murder of an innocent man. … As the Court stated [at sentencing]: "Your prior criminal involvement and history is of no small moment in my consideration of sentencing."

4

(App. at 2-3.)  Solomon timely appealed.

## II.    DISCUSSION[2]

We review the District Court's denial of a motion for a reduction of sentence for abuse of discretion.  *United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009).  We accord great deference to the District Court's "reasoned balancing of" the pertinent factors and will uphold the sentence if it is "substantively reasonable" and "logical and consistent" with the sentencing factors in § 3553(a).  *Id.* at 154-55 (internal quotation marks and citation omitted).

Given this deferential standard of review, we have no difficulty affirming the District Court's decision not to reduce Solomon's sentence.  The recent guidelines amendments do "not entitle a defendant to a reduced term of imprisonment as a matter of right."  U.S. Sentencing Guidelines Manual § 1D1.10 cmt. background (U.S. Sentencing Comm'n 2016).  Instead, in deciding whether to make a "discretionary reduction," *id.*, the court "shall consider the factors set forth in 18 U.S.C. § 3553(a) … ."  *Id.* at cmt. 1(B)(i).  The court may also take into account "[p]ost-[s]entencing [c]onduct … ."  *Id.* at cmt. 1(B)(iii).

It is clear that the District Court took into account all of the pertinent factors, including the guidelines amendments and Solomon's exemplary prison conduct.  It nevertheless concluded that those factors "did not override" the severity of the conduct that had justified Solomon's original sentence.  *Styer*, 573 F.3d at 154.  The Court

---

[2] The District Court had jurisdiction to consider Solomon's request for a sentence reduction under 18 U.S.C. § 3231.  We have jurisdiction over her appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(e).

emphasized Solomon's central role in the drug conspiracy, her continued involvement "after the murder of an innocent man," (App. at 3), her decision to involve minors in the conspiracy, and her lengthy criminal history. In light of those aggravating factors, the District Court was well within its discretion to conclude that the guidelines amendments and the mitigating post-sentencing conduct do not justify a sentence reduction. *Cf. Styer*, 573 F.3d at 154 ("While [the Defendant] disagrees with the comparatively little weight the Court accorded his post-conviction conduct in relation to other factors, we cannot conclude that the Court's reasoned balancing of those factors was an abuse of discretion.").

Solomon argues that the District Court committed a legal error when it noted that the initial sentence "was not ultimately based on" the sentencing guidelines. (App. at 2.) Read in context, though, it is clear that the Court was simply commenting on the unobjectionable fact that the sentencing guidelines "were advisory only," and that its initial sentencing decision "was based on the Court's thorough evaluation of the § 3553 sentencing factors." (App. at 2.) The District Court took those same factors into account when it determined that the initial sentence remained the proper one. Accordingly, we will affirm.

## III.   CONCLUSION

For the foregoing reasons, we will affirm the District Court's denial of a reduction in Solomon's sentence.

6