NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3118
_____

UNITED STATES OF AMERICA

v.

HECTOR ROLDAN-LUNA, a/k/a Santo

Hector Roldan-Luna,
                                        Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-02-cr-00087-009)
U.S. District Judge:  Honorable Thomas I. Vanaskie
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 17, 2017

Before:  FISHER, HARDIMAN and GREENAWAY, JR., *Circuit Judges*.

(Opinion filed: January 18, 2017)
_____

OPINION*
_____


FISHER, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Hector Roldan-Luna pleaded guilty to a charge of conspiracy to distribute and possess with the intent to distribute cocaine base and was sentenced to a term of 210 months' imprisonment. After the passage of Sentencing Guideline Amendment 782, he moved the District Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c). Arguing that the District Court abused its discretion, he appeals from the order of the United States District Court for the Middle District of Pennsylvania denying that motion. For the reasons that follow, we will affirm.

I.

Roldan-Luna participated in an interstate drug trafficking organization. He cooked cocaine into crack, distributed the substance, and was involved in a territorial dispute with a rival drug organization. During that territorial dispute, he shot two individuals, one of whom died at the scene.

In 2002, Roldan-Luna was arrested and charged with crimes related to the shooting as well as his role in conspiring to distribute crack cocaine. In 2004, he pleaded guilty to a federal charge of conspiracy to distribute and possess with the intent to distribute cocaine base in violation of 21 U.S.C. § 846 and was sentenced to a term of 210 months' imprisonment.[1] In 2005, he pleaded guilty to state charges of third degree

---

[1] Since his incarceration, Roldan-Luna has moved the District Court for a reduction of sentence on two prior occasions. One of those requests was granted, reducing his sentence to a term of 168 months' imprisonment.

murder and attempt to commit third degree murder, and was sentenced to a concurrent term of eight to eighteen years' imprisonment.

On August 24, 2015, Roldan-Luna moved the District Court to reduce his federal sentence based upon Guideline Amendment 782, which reduced his sentencing range to 120 to 135 months. The United States Probation Office opposed that request and, on June 27, 2016, the District Court entered an order denying Roldan-Luna's motion for a reduction of sentence based on public safety concerns. This appeal followed.

## II.

The District Court had subject-matter jurisdiction over this case pursuant to 18 U.S.C. §§ 3231 and 3582. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. "We review a court's ultimate decision whether to grant or deny a defendant's motion to reduce [an imposed] sentence under § 3582(c)(2) for abuse of discretion."[2] In conducting that review, "[w]e review de novo a district court's interpretation of the Guidelines,"[3] and, "[a]s the district court is in the best position to determine the appropriate sentence, we may not reverse simply because we would have imposed a different sentence."[4]

## III.

Under 18 U.S.C. § 3582(c)(2), the District Court may reduce an imposed term of imprisonment if the sentence was "based on a sentencing range that has subsequently

---

[2] *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).
[3] *Id.*
[4] *United States v. Styer*, 573 F.3d 151, 155 (3d Cir. 2009).

been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[5] In accordance with that statutory directive, the United States Sentencing Commission has advised that a court shall consider the "factors set forth in 18 U.S.C. § 3553(a)," the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment," and "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment" in determining whether "a reduction in the defendant's term of imprisonment is warranted."[6]

In this case, the District Court relied on the public safety factor in Section 3553(a), "the need for the sentence imposed . . . to protect the public from further crimes of the defendant,"[7] and Roldan-Luna's post-sentencing conduct to deny his motion to reduce his sentence. On appeal, Roldan-Luna argues that this denial was an abuse of discretion because his release would not implicate the public safety factor, and because his post-sentencing conduct did not provide an adequate basis to deny his motion. We will consider each argument in turn and affirm for the reasons stated below.

---

[5] 18 U.S.C. § 3582(c)(2).
[6] U.S. Sentencing Guidelines Manual (U.S.S.G.) § 1B1.10 cmt. n.1(B).
[7] 18 U.S.C. § 3553(a)(2).

4

A.

Roldan-Luna first argues that the District Court erred in relying on the public safety factor to deny his motion for a sentence reduction because that factor concerns only the American public, and because he poses no threat to the well-being of the American public where he is subject to deportation after his incarceration.

We disagree. Whether or not the public safety factor concerns only the American public, we cannot find that the District Court erred in relying on it to deny his motion because there are tangible risks that Roldan-Luna's release would threaten the safety of the American public. First, as the government points out, while Roldan-Luna is subject to deportation, that does not mean he will be deported. Second, even were we to assume Roldan-Luna will be deported, "criminal conduct committed abroad is capable of harming Americans" and "[t]here is also a risk of illegal reentry, which, if realized, would further undermine protection of the public in this country."[8] Finally, the risks that Roldan-Luna will threaten the safety of the American public by attempting to re-enter the United States or continuing drug trafficking are particularly high here, where Roldan-Luna has (1) continued to use drugs in prison, (2) been involved in large interstate drug

---

[8] *United States v. Wills*, 476 F.3d 103, 108 (2d Cir. 2007) ("For example, street violence against U.S. tourists and the cross-border effects of drug smuggling initiated by deportees may injure U.S. citizens."), *abrogated on other grounds by Kimbrough v. United States,* 552 U.S. 85 (2007); *see also United States v. Morales-Uribe*, 470 F.3d 1282, 1287 (8th Cir. 2006) (noting a defendant's prior attempts to enter the United States illegally "indicate[d] strongly that deportation will not protect the people of the United States from further crimes by [the defendant]").

organizations, (3) fathered multiple children in the United States, and (4) passed himself off fraudulently as an American citizen.

B.

Likewise, we reject Roldan-Luna's argument that his post-sentencing conduct did not provide an adequate basis for denying him a sentencing reduction. As the District Court noted, his history of infractions is very troubling. The Presentence Investigation Report in this case identified approximately twenty-four disciplinary actions since the date of his incarceration—eleven of which have occurred since his sentence was reduced pursuant to Guideline Amendment 750 in 2012. In addition, many of those disciplinary actions are quite serious, involving continued drug use, the possession of homemade drug paraphernalia, or violent conduct, like interfering with security devices, committing assault, possessing a dangerous weapon, and threatening bodily harm. Accordingly, contrary to Roldan-Luna's claims otherwise, his post-sentencing conduct does reflect more than mere personal issues—it reflects a genuine public safety risk—and we cannot find that the District Court abused its discretion in relying on this conduct to determine that a sentencing reduction was not appropriate.

IV.

For the reasons set forth above, we will affirm.