**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2428
_____

UNITED STATES OF AMERICA

v.

RAFAEL
TOLENDANO
a/k/a David Fields
a/k/a David Cohen
a/k/a Elias Lizardo
a/k/a Rabbi Israel

Rafael Tolendano,

Appellant


Appeal from the District Court for the District of New Jersey
(No. 2-02-cr-00421-002)
District Judge: Hon. Stanley R. Chesler

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 19, 2016

Before:  FISHER, CHAGARES, and COWEN, <u>Circuit Judges</u>.

(Filed March 2, 2016)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Rafael Tolendano[1] appeals a District Court order denying a sentence reduction motion made pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"). For the following reasons, we will affirm the order of the District Court.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. Tolendano is currently serving a 225-month sentence after pleading guilty to one count of conspiracy to import drugs, namely ecstasy, into the United States in violation of 21 U.S.C. §§ 952(a), 960(b)(3), and 963. Presentence Report ("PSR") ¶ 4. He was part of an international drug smuggling organization that exported ecstasy from the Netherlands to the United States and other countries. PSR ¶ 12. Tolendano was responsible for about 200,000 units of ecstasy, around 40 kilograms, which is equivalent to 20,000 kilograms of marijuana for purposes of sentencing. PSR ¶ 36. While in custody after arrest, Tolendano allegedly solicited a cooperating witness to kill two prison guards to help him escape from prison. PSR ¶ 41.

Tolendano has committed other crimes. In May 2005, he was sentenced in the District of Vermont for smuggling an alien and for failure to appear. Gov't Br. 1-2; PSR ¶¶ 71-73; Appendix ("App.") 36. That crime added additional time to his 225-month

_____

[1] Appellant explains that the correct spelling of his name is "Raphael Toledano," not "Rafael Tolendano." Tolendano Br. 3 n.2. He has had several aliases, including "Raphael Tolendano," "Elias Nathanael Lizardo," "David Fields," "David Cohen," and "Rabbi Israel." Presentence Report 2. Because the Judgment of Conviction in this case spells his name as "Rafael Tolendano," we will proceed with that spelling.

2

sentence, so he is now serving a total of 237 months of imprisonment. App. 36; Gov't Br. 2. He has also been convicted of several theft, drug, and fraud charges in Canada. PSR ¶ 57-70.[2]

Prior to sentencing, the Probation Department calculated a range of 324 to 405 months using an Offense Level of 41 and Criminal History Category I. PSR ¶ 101.[3] This calculation included enhancements for a supervisory role, U.S.S.G. § 3B1.1(b), and for obstruction of justice based on his plots in jail, U.S.S.G. § 3C1.1. PSR ¶¶ 41-43, 48-49. Tolendano sought a downward adjustment, objecting to the supervisory role enhancement, and the Government sought an upward departure, arguing that his criminal history was understated. App. 75-76. After discussions, both parties agreed to withdraw their motions, and the Government agreed that it would not oppose a three-point downward adjustment for acceptance of responsibility. App. 75-76. Subsequently, the District Court accepted the parties' assessment and calculated an advisory Guidelines range of 188 to 235 months of imprisonment, using an Offense Level of 36 and Criminal History Category I. The District Court ultimately imposed a criminal sentence of 225 months of imprisonment, focusing on the substantial amount of drugs involved and harm caused by Tolendano, as well as the businesslike manner in which he conducted his role in the criminal enterprise. App. 87-91.

_____

[2] While these foreign convictions do not count for purposes of calculating his criminal history, U.S.S.G. § 4A1.2(h), they can be considered for other purposes such as whether a departure under U.S.S.G. § 4A1.3 should be granted.

[3] The statutory maximum of the crime, as the Probation Department points out, would limit the range to 240 months. PSR ¶ 101; 21 U.S.C. § 960(b)(3).

3

Tolendano filed a sentence reduction motion under 18 U.S.C. § 3582(c)(2), based on Amendment 782[4] to the Guidelines on March 9, 2015.  App 15, 29.  Tolendano sought a two-level reduction of his base offense level from 36 to 34, resulting in an advisory Guidelines range of 151 to 188 months.  App 15, 29.  The Government opposed the reduction on public safety grounds and on the 18 U.S.C. § 3553(a) sentencing factors.  App. 26-28.

At a June 4, 2015 hearing, the District Court denied Tolendano's sentencing reduction motion.  App. 29-35.  After considering the presentence report and materials supporting the Government's position, the Court determined that Tolendano had been "treated generously" in the matter.  App. 30.  The Court noted the negotiations between the Government and Tolendano with respect to the earlier motions for upward and downward departures.  App. 30-31.  The Court reflected on Tolendano's education and religious training, and described his considerable criminal record.  App. 30-31.  It reviewed the record of Tolendano's "extensive conspiracy to import Ecstasy," as well as the informant's transcript of Tolendano's alleged plot to escape from prison.  App. 30-31.  The Court was "extremely dubious" and "extraordinarily suspicious" of Tolendano's supposed transformation since his previous sentencing.  App. 32.  It explained that "Mr. Tolendano has demonstrated that he is a businesslike manipulator in the past and this Court is not persuaded that anything has changed that."  App. 35.

---

[4] Amendment 782 reduced the offense levels by two levels for most drug quantities under U.S.S.G. § 2D1.1.  See U.S.S.G. App. C., Amendment 782.  This Amendment is retroactively applied with an effective date of November 1, 2015 or later.  U.S.S.G. § 1B1.10(d),(e)(1).

The District Court entered its judgment on June 4, 2015. App. 7-8. Tolendano filed a timely Notice of Appeal on June 9, 2015. App. 1-2.

II.[5]

A District Court is permitted to reduce a sentence that was based on a Sentencing Guideline range that has since been lowered. See 18 U.S.C. § 3582(c)(2). Under 18 U.S.C. § 3582,

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added).

Section 3582(c)(2) does not allow a full resentencing of the defendant but only permits a sentence reduction "within the narrow bounds established by the Commission." See Dillon v. United States, 560 U.S. 817, 831 (2010). The inquiry under § 3582(c)(2) has two steps. First, a district court must determine whether a prisoner is eligible for

---

[5] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

We review a District Court's decision not to reduce a sentence under an abuse of discretion standard. United States v. Weatherspoon, 696 F.3d 416, 420 (3d Cir. 2012) ("[W]hen the district court determines that a defendant is eligible for relief [under 18 U.S.C. § 3582(c)(2)] but declines to reduce his sentence, our review is for an abuse of discretion."). "As the district court is in the best position to determine the appropriate sentence, we may not reverse simply because we would have imposed a different sentence. Rather, we must ensure that the sentence, even if beyond the guideline range, is within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." United States v. Styer, 573 F.3d 151, 155 (3d Cir. 2009) (citation omitted) (quotation marks omitted).

5

sentence modification. Id. at 826-27. There is no dispute that Tolendano is eligible for a sentencing reduction because had Amendment 782 been in effect at the time of his initial sentencing, his base offense level would have been 34, resulting in a Guidelines range of 151 to 188. See id.; see also U.S.S.G. App. C, Amendment 782. Second, if a defendant is eligible for a reduction, the district court considers "any applicable § 3553(a) factors" to determine if the reduction is authorized "in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827. The § 3553(a) factors are supplemented by public safety concerns posed by a reduction of the defendant's sentence. United States v. Styer, 573 F.3d 151, 155 (3d Cir. 2009).

Tolendano argues that the District Court abused its discretion for essentially three reasons: (1) the District Court failed to consider the reasons for Amendment 782; (2) the § 3553(a) factors, particularly when looking to Tolendano's post-sentencing conduct, favor a reduction; and (3) a sentence reduction does not implicate public safety because Tolendano's likelihood of recidivism is low.

A.

Tolendano argues that the District Court abused its discretion because it "never acknowledged the new Guidelines range or the reasons behind Amendment 782." Tolendano Br. 15. Tolendano's argument on this point is based on the fact that two § 3553(a) factors include the sentencing range from the Guidelines and any pertinent policy statements. 18 U.S.C. § 3553(a)(4), (5). As a threshold matter, the District Court is not required to consider every § 3553(a) factor but the factors "to the extent they are applicable." 18 U.S.C. § 3582(c). Therefore, each factor may not always be applicable

6

or necessary for consideration. Even so, from the transcript, it is clear that the District Court considered the new Guidelines range. For example, Tolendano's counsel told the Court the new range immediately before the District Court provided its own analysis. App. 29.[6] Similarly, the District Court's determination effectuated the purpose of Amendment 782, even if it did not explicitly recite the rationale of it. One of the aims of Amendment 782 is to place a greater emphasis on a defendant's role and conduct in a crime — rather than merely the quantity of drugs involved in a crime. U.S.S.G. App. C, Amendment 782, Reason for Amendment. The District Court explained that it was "extremely dubious" and "extraordinarily suspicious" that Tolendano had transformed himself from a "businesslike manipulator." App. 32-33. This demonstrates that, consistent with the purpose of Amendment 782, the District Court focused on Tolendano's role in the crime, not the amount of drugs involved. A reasonable District Court could rely on the factors as it did, arriving at the outcome it did. This decision should not be disturbed. There was no abuse of discretion.

B.

Tolendano argues that other factors favored a reduction, suggesting that the District Court only relied on the history and characteristics of the defendant at the time of the original sentencing, and ignored any subsequent rehabilitation. The parties disagree about whether a district court is required to consider post-sentencing conduct under § 3582(c)(2) as an applicable § 3553(a) factor. We do not need to decide that issue because

---

[6] Furthermore, at the beginning of the hearing, the District Court explained that the matter was an application for a reduction of sentence "pursuant to the recent amendments to the guidelines." App. 19.

7

here the District Court did consider Tolendano's post-sentencing conduct. The District Court expressed skepticism "that he has somehow now seen the light and he now understands his responsibilities to society" and "the remarkable transformation that Mr. Tolendano has undergone while in prison." App. 32. The Court heard testimony from two witnesses about Tolendano's current character. App. 19-22. The Court had before it Tolendano's Bureau of Prison's progress report. App. 24, 36-49. The Court heard attorney argument about how Tolendano participates in religious life in jail and that he is a model inmate. App. 24-25. The District Court, therefore, did consider Tolendano's post-sentencing conduct.

Placing Tolendano's post-sentencing conduct alongside other § 3553(a) factors, it is clear that the District Court did not abuse its discretion. Section 3553(a)(1)-(2) focuses on the nature of the offense, the defendant's criminal history, and the need for the imposition of a sentence. 18 U.S.C. § 3553(a). The District Court reviewed Tolendano's plot to kill guards and escape. App. 26. It explained that despite being well-educated and financially stable, Tolendano chose a life of crime. App. 30-32. It considered Tolendano's considerable criminal history, the "businesslike" manner of his Ecstasy operations, and expressed doubt that he had rehabilitated itself. App. 30-33. The District Court had discretion to evaluate these considerations as it did. It did not abuse its discretion.

## C.

Finally, Tolendano argues that the District Court erred because it failed to consider whether Tolendano continues to remain a public safety threat. This argument is related to

Tolendano's contentions that the District Court did not consider his post-sentence conduct. The Government strongly disagrees with the appropriateness of citing general studies on recidivism, as Tolendano has done. It is not necessary to determine whether these studies are relevant. As previously explained, the District Court considered the record and reasonably concluded that Tolendano had not rehabilitated himself. App. 32-33. Considering the scope of Tolendano's criminal conspiracy, as well as the plot to kill guards and escape, it is reasonable that the District Court concluded that he remained a public safety threat and did not "now understand[] his responsibilities to society." App. 32. It was not an abuse of discretion for the District Court to deny Tolendano's motion, especially because it was "satisfied that there's nothing on the record . . . which warrants disturbing that sentence." App. 35.

III.

For the foregoing reasons, we will affirm the District Court's order.