ALD-248                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2137
_____

ALBERTO CONCEPCION,
                                        Appellant

v.

DONNA ZICKEFOOSE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-04210)
District Judge:  Honorable Mary L. Cooper
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 28, 2011
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed: August 18, 2011)
_____

OPINION
_____

PER CURIAM

       Alberto Concepcion appeals from an order of the United States District Court for

the District of New Jersey, which denied his request for permission to file a Petition for

Writ of Habeas Corpus and related motions.  As the appeal does not present a substantial

question, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

In 2000, Concepcion pleaded guilty to one count of conspiring to distribute heroin, and the District Court sentenced him to 325 months of imprisonment. This Court affirmed. See C.A. No. 00-2132 (May 10, 2001). Concepcion then filed a § 2255 motion, which the District Court denied. This Court declined to issue a COA. See C.A. No. 02-4127 (June 19, 2003).

Concepcion then filed a RICO complaint against 56 governmental employees and officials, including judges, U.S. Attorneys and FBI agents. Concepcion pursued this litigation vexatiously; as a result, the District Court entered an order permanently enjoining him "from filing further claims in this jurisdiction without leave of the Court."

Concepcion later filed a motion purportedly brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking reconsideration of the denial of his § 2255 motion. The District Court denied the motion as violative of the injunction, and we denied a certificate of appealability, noting that the motion sought only to attack Concepcion's underlying conviction, and that the District Court thus lacked jurisdiction to consider what was in reality an unauthorized second or successive § 2255 motion. See C.A. No. 06-3833 (March 13, 2007).

Concepcion filed a request for permission to file a habeas petition pursuant to 28 U.S.C. § 2241 in August 2010. The District Court dismissed the petition without prejudice, and Concepcion eventually paid the filing fee, filed another motion for

permission to file the § 2241 petition, and filed the petition itself (with exhibits). On

December 3, 2010, the District Court entered an order directing Concepcion to show

cause within 30 days why the request to file the habeas petition should be granted. The

order noted that if Concepcion failed to show cause, the request to file would be denied

and the matter terminated. Concepcion filed a response to the Show Cause order,

discussing his claims. The District Court denied Concepcion permission to file his

habeas petition because although Concepcion's response "was to include the submission

of a sworn affidavit that the facts upon which he bases his claims are true and include a

clear statement of the legal bases for his claims," his response "did not comply with the

Court's Order and fail[ed] to show good cause why the Petition for Writ of Habeas

Corpus should be filed." The District Court also denied his related motions.[1]

Concepcion filed a timely notice of appeal.

We may affirm a district court for any reason supported by the record. Brightwell

v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011) (citation omitted). It is apparent that

Concepcion's petition is not viable under 28 U.S.C. § 2241. Concepcion is trying to

challenge his 2000 conviction, but a federal prisoner can challenge his conviction or

sentence under 28 U.S.C. § 2241 only if the remedy provided by 28 U.S.C. § 2255 is

---

[1] Those motions include: "Ex Parte Motion for Clarification & Request for
Change of Venue from this Court to the Camden U.S. District Court for the District of
New Jersey," "Ex Parte Motion for Permission to File a Habeas Corpus Pursuant to 28
U.S.C. 2241, Regarding Prison Officials Violating, Program Statement 1060.09, Inter
Alia," and "Motion for Leave to File Petition." To the extent Concepcion is appealing

"inadequate or ineffective" to test the legality of his or her detention. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent" the petitioner from receiving adequate adjudication of his or her claims under § 2255. Cradle, 290 F.3d at 538. This exception is extremely narrow and applies only in rare circumstances. See, e.g., In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997) (applying exception where an intervening change in the law decriminalized the conduct underlying the petitioner's conviction and he had no other opportunity to pursue his claim).

After considering Concepcion's petition and submissions to this Court, we find that he has failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention, as he raised arguments that could have been raised on direct appeal or in his § 2255 motion.

For these reasons, we conclude that this appeal presents "no substantial question," and will therefore summarily affirm the district court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

the denial of these motions, we find no error in the District Court's disposition of the motions.

4