BLD-232                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3894
_____

ALBERTO CONCEPCION,
                                        Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-15-cv-07400)
District Judge: Honorable Susan D. Wigenton

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2016
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed May 2, 2016)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Alberto Concepcion appeals from an order of the United States District Court for the District of New Jersey dismissing his § 2241 petition for lack of jurisdiction. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

## I.

In 2000, Concepcion pleaded guilty in the United States District Court for the District of New Jersey to one count of conspiring to distribute heroin, and the District Court sentenced him to 325 months of imprisonment. We affirmed the judgment at C.A. No. 00–2132. Concepcion then filed a § 2255 motion, which the District Court denied. We declined to issue a certificate of appealability at C.A. No. 02–4127. Following Concepcion's initiation of a RICO action against 56 governmental employees, including judges and United States attorneys, the District Court entered an order permanently enjoining him "from filing further claims in this jurisdiction without leave of the Court." Subsequent to this injunction, in 2010, the District Court denied Concepcion's request to file a § 2241 petition. We summarily affirmed the District Court and found that he "failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention, as he raised arguments that could have been raised on direct appeal or in his § 2255 motion." Concepcion v. Zickefoose, 442 F. App'x 622, 623 (3d Cir. 2011).

Concepcion filed the instant petition in 2015, raising a litany of claims related to his 2000 conviction.[1] On November 9, 2015, the District Court dismissed his petition for lack of jurisdiction because it was "essentially a second or successive § 2255 petition brought without leave of the Court of Appeals." This timely appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and review de novo the District Court's dismissal of Concepcion's habeas petition. Ballentine v. United States, 486 F.3d 806, 808 (3d Cir. 2007). We may summarily affirm the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

We detect no error in the District Court's dismissal of Concepcion's petition because his claims – which all relate to the validity of his federal conviction and sentence – must normally be raised in a § 2255 motion. Because he has already filed one and lost on the merits, he may not file another without obtaining our permission. See 28 U.S.C. § 2255(h). And as we explained in our 2011 opinion, he may not use section 2241 instead

---

[1] Among other things, he claims that FBI informants planted heroin at his residence, that the District Court lacked personal and subject matter jurisdiction, and that the government "failed to file a notice of acceptance of criminal jurisdiction with the governor of the State of New Jersey."

unless he shows that such a motion would be "inadequate of ineffective."[2] Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). None of his claims meet that standard.

Accordingly, we will summarily affirm the decision of the District Court.

---

[2] In his "Application/Brief in Support of a Great Writ of Habeas Corpus" filed with this Court, Concepcion addresses the substance of his underlying claims, but fails to address why he could not have asserted them in his previous § 2255 motion. We also note that, in denying Concepcion's application for a COA on this motion, we rejected at least one of the claims he asserts in the instant petition – his claim related to Apprendi.