**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2819
_____

UNITED STATES OF AMERICA

v.

ALBERTO CONCEPCION,
also known as BERT,
                                        Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 2-99-cr-00753-001)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 10, 2017

Before:  RESTREPO,SCIRICA and FISHER, Circuit Judges

(Opinion filed: February 15, 2017)
_____

OPINION*
_____

PER CURIAM

        Federal prisoner Alberto Concepcion appeals from the District Court's May 31,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

2016 order, which reduced his sentence pursuant to 18 U.S.C. § 3582(c)(2). Concepcion argues that, in light of certain errors made by the District Court, he should have received a larger sentence reduction. For the reasons that follow, we are unpersuaded by his arguments, and we will affirm the District Court's judgment.

I.

In 2000, Concepcion pleaded guilty to one count of conspiring to distribute heroin, in violation of 21 U.S.C. §§ 841, 846. After determining that Concepcion's range under the U.S. Sentencing Guidelines was 292 months to 365 months, the District Court imposed a sentence of 325 months. Concepcion appealed, and this Court affirmed the judgment at C.A. No. 00–2132. Concepcion subsequently filed numerous actions seeking post-conviction relief. All have been unsuccessful. See Concepcion v. Warden Fort Dix FCI, 648 F. App'x 160, 160 (3d Cir. 2016) (per curiam) (summarizing his past litigation).

In 2015, Concepcion filed a § 3582(c)(2) motion seeking to have his sentence reduced based on Amendment 782, which lowered by two the base offense level for many drug offenses. In an order, the District Court granted Concepcion's motion and reduced his sentence by 50 months to 275 months. That sentence falls in the middle of Concepcion's amended Guidelines range of 235 months to 293 months. Concepcion appeals, seeking a sentence at the low end of the amended range.

---

constitute binding precedent.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review de

novo a district court's interpretation of the Sentencing Guidelines, and we review that

court's decision to grant or deny a § 3582(c)(2) motion for abuse of discretion. United

States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). When, as here, a district court reduces

a prisoner's sentence under § 3582(c)(2), we review the reduced sentence for

reasonableness. See United States v. Styer, 573 F.3d 151, 154-55 (3d Cir. 2009).

III.

In support of his appeal, Concepcion argues that the District Court erred by

granting the motion outside the presence of the parties and issuing its ruling before

Concepcion filed a reply in the District Court. In his reply brief before this Court,

Concepcion also raises a challenge to the notice of appearance form filed by the

Government's attorney and asks that the Government's brief "be nullified."[1] In both

filings, Concepcion raises challenges to his conviction and sentence on grounds that are

---

[1] To the extent Concepcion raises other claims for the first time in his reply brief, those
claims are waived, and we do not consider them. See In re Surrick, 338 F.3d 224, 237
(3d Cir. 2003). Even if the claims were properly presented, we would conclude that they
are without merit.

3

outside the limited scope of § 3582(c)(2).[2]  The Government asks that we affirm the District Court's order and seeks permission to file to a sealed supplemental appendix.

We conclude Concepcion's arguments do not warrant disturbing the District Court's May 31, 2016 order.  The District Court did not commit error by ruling on Concepcion's § 3582(c)(2) motion without holding a hearing or waiting for a reply from Concepcion.[3]  "How a court decides to consider a § 3582(c)(2) motion is a matter of discretion," see Styer, 573 F.3d at 154, and a defendant need not be present during a § 3582(c)(2) proceeding, see Fed. R. Crim. P. 43(b)(4).  Here, Concepcion's § 3582(c)(2) motion set forth the reasons why he believed his sentence should be reduced following the adoption of Amendment 782.  Under these circumstances, the District Court acted within its discretion in ruling on his motion without further briefing or a hearing.

Once a district court determines that a prisoner is eligible for a sentence reduction, that court considers the factors set forth in § 3553(a), "to the extent that they are applicable," 18 U.S.C. § 3582(c)(2), to determine whether a sentence reduction is warranted.  See Dillon v. United States, 560 U.S. 817, 827 (2010).  Here, the District Court's May 31, 2016 order referenced the § 3553(a) factors and concluded that a

---

[2] For example, Concepcion asserts that he is actually innocent and that the Government relied on false evidence during his prosecution.

[3] Contrary to Concepcion's assertion, the District Court ruled without holding a hearing; it did not hold a hearing without Concepcion.

4

significant sentence reduction — 50 months — was warranted. Under the circumstances of this case, we cannot conclude that this reduction was unreasonable.[4]

Finally, Concepcion's arguments attacking his conviction and sentence on grounds unrelated to Amendment 782 are not a basis for relief in this case under § 3582(c)(2). See Dillon, 560 U.S. at 825-26 (addressing the limited scope of § 3582(c)(2)). We also find Concepcion's challenge to the Government's brief to be without merit.[5]

IV.

Accordingly, we will affirm the District Court's May 31, 2016 order. Appellee's motion to file a sealed supplemental appendix is granted. See generally Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994). The Clerk is directed to seal the supplemental appendix for a period of fifty years.

---

[4] We again note that Concepcion's 275-month sentence remains in the middle of his Guidelines range.

[5] In any event, even if we struck the Government's brief, Concepcion would not prevail in this appeal.