

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-12-2009

# USA v. Henry

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2594

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Henry" (2009). *2009 Decisions.* Paper 1867.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1867

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-2594

———————

UNITED STATES OF AMERICA,

v.

KERONE HENRY,
a/k/a "J"

Kerone Henry, Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court  No. 3-06-cr-00405-3
District Judge: The Honorable Edwin M. Kosik

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 30, 2009

Before: SCIRICA, *Chief Judge,* AMBRO, and SMITH, *Circuit Judges*

(Filed: February 12, 2009)

———————

OPINION

———————

SMITH, *Circuit Judge.*

Appellant Kerone Henry challenges the length of his term of imprisonment.[1]

———————

[1]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and this Court
has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Henry pleaded guilty to conspiracy to distribute marijuana and crack cocaine in violation of 21 U.S.C. § 846, and aiding and abetting the interference with interstate commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2. His advisory Sentencing Guidelines range was 121 to 151 months of imprisonment. On May 19, 2008, the United States District Court for the Middle District of Pennsylvania sentenced Henry to 150 months of imprisonment. We will affirm.

We review the District Court's sentence first for procedural reasonableness, then for substantive reasonableness. *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008). In doing so, we apply the "abuse of discretion" standard. *United States v. Wise*, 515 F.3d 207, 217–18 (3d Cir. 2008). "[A] district court will be held to have abused its discretion if its decision was based on a clearly erroneous factual conclusion or an erroneous legal conclusion." *Id*. at 217. Here, Henry admits his sentence fell within his advisory Sentencing Guidelines range, and he does not claim any error in the calculation of that range. This weighs heavily in favor of his sentence's procedural and substantive reasonableness. *See Gall v. United States*, 128 S. Ct. 586, 591 (2007) ("[W]hen a district judge's discretionary decision in a particular case accords with the sentence the United States Sentencing Commission deems appropriate 'in the mine run of cases,' the court of appeals may presume that the sentence is reasonable.").

Nevertheless, Henry argues that his sentence was unreasonable because it created a sentencing disparity between his sentence and those imposed on two co-defendants who also pleaded guilty to the same offenses. He asserts that the District Court either 1)

2

committed legal error by not recognizing that it had the authority to reduce his sentence to avoid unwarranted sentencing disparities, or 2) abused its discretion by failing to adequately consider the need to avoid unwarranted sentencing disparities as mandated by 18 U.S.C. § 3553(a)(6).

The record does not support Henry's claims. First, the District Court clearly recognized its power to adjust Henry's sentence to avoid unwarranted sentencing disparities. After Henry raised the sentencing disparity issue at his sentencing hearing, the District Court asked a number of questions about the nature and circumstances of the sentences imposed on Henry's two co-defendants. This shows that the District Court appreciated the fact that 18 U.S.C. § 3553(a) required it to consider, as one of many factors, the need to avoid unwarranted sentencing disparities.

Second, the District Court thoughtfully and meaningfully considered the need to avoid unwarranted sentencing disparities. As the District Court discovered during Henry's sentencing hearing, a number of differences exist between Henry and his two co-defendants. Most significantly, unlike Henry, both of his co-defendants cooperated with the Government, and the Government made downward departure motions for them, pursuant to Sentencing Guidelines § 5K1.1, because of their substantial assistance. Additionally, unlike Henry, one co-defendant negotiated a plea agreement that specified the length of his imprisonment. "So long as factors considered by the sentencing court are not inconsistent with those listed in § 3553(a) and are logically applied to the defendant's circumstances, we afford deference to the court's 'broad discretion in

3

imposing a sentence within a statutory range.'" *United States v. Parker*, 462 F.3d 273, 278 (3d Cir. 2006) (quoting *United States v. Booker*, 543 U.S. 220, 233 (2005)).  Here, we see nothing illogical about the manner in which the District Court applied 18 U.S.C. § 3553(a) to Henry's particular circumstances.

Finally, "a defendant cannot rely upon § 3553(a)(6) to seek a reduced sentence designed to lessen disparity between co-defendants' sentences."  *Id*. at 277.  This is because "Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case." *Id*.  Here, Henry has not suggested that upholding his sentence would undermine national uniformity in sentencing, only that it would create sentencing disparities between himself and his co-defendants.  This is not enough to persuade us that Henry's sentence was unreasonable.  Accordingly, we will affirm the sentence that the District Court imposed.