**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3207
_____

UNITED STATES OF AMERICA

v.

KERONE HENRY, a/k/a "J"

Kerone Henry,
        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 3-06-cr-00405-003)
District Judge: Honorable Edwin M. Kosik
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 22, 2016
_____

Before: GREENAWAY, JR., VANASKIE, and SHWARTZ, *Circuit Judges*.

(Opinion Filed: May 19, 2016)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

VANASKIE, *Circuit Judge*.

Kerone Henry appeals the District Court's denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). We find that the refusal to reduce Henry's sentence was not an abuse of discretion given the public safety concerns raised by the fact that he viciously attacked another inmate while serving his prison term. As such, we will affirm.

I.

Henry pleaded guilty to conspiracy to distribute marijuana and crack cocaine in violation of 21 U.S.C. § 846 and aiding and abetting the interference with interstate commerce by robbery in violation of 18 U.S.C. §§ 1951 and 2. His advisory Sentencing Guidelines range was 121 to 151 months of imprisonment. On May 19, 2008, Henry was sentenced to a prison term of 150 months. He appealed the sentence and this Court affirmed, finding that Henry's sentence was reasonable. *United States v. Henry*, 310 F. App'x 498, 500 (3d Cir. 2009) (not precedential).

On November 14, 2011, Henry moved pursuant to 18 U.S.C. § 3582(c) for a sentence reduction in light of the United States Sentencing Commission's adoption of Amendment 750 to the United States Sentencing Guidelines.[1] The Probation Office prepared an addendum to Henry's Presentence Report, indicating that Henry's new

---

[1] Amendment 750 altered the drug quantity table in Section 2D1.1 for crack cocaine in accordance with the Fair Sentencing Act. *See* U.S.S.G. app. C., amend. 750 (Nov. 1, 2011).

2

Sentencing Guidelines range was 110 to 137 months of imprisonment. The addendum also noted that Henry had no misconduct reports since his first sentencing. On November 28, 2011, the District Court reduced Henry's prison term from 150 to 136 months. He appealed the new sentence and this Court granted the government's motion for summary dismissal of the appeal as lacking any merit. *See United States v. Henry*, No. 11-4414 (3d Cir. April 2, 2012) (order).

On August 3, 2015, Henry again moved to reduce his sentence—this time as a result of Amendment 782 to the United States Sentencing Guidelines.[2] In response, the Probation Office completed another addendum to Henry's Presentence Report, indicating that Henry's new Sentencing Guidelines range was 100 to 125 months of imprisonment. Since Henry's previous sentence reduction, he had received three disciplinary infractions. Most notably, he received institutional discipline for having assaulted another inmate on September 12, 2014 with a sharpened object.[3] On August 28, 2015, the District Court denied Henry's Motion for Sentence Reduction "due to public safety concerns as exhibited in his post-sentencing conduct, specifically his assault of an unarmed inmate with a sharpened metal weapon."

This appeal followed.

---

[2] Amendment 782 reduced by two the base offense levels assigned to specific drug quantities. *See* U.S.S.G. app. C., amend. 782 (Nov. 1, 2014).

[3] Henry argued to the District Court that the attack happened because the other inmate disrespected him in front of other inmates. The addendum indicates that Henry's other two post-sentence-reduction disciplinary infractions involved citations for use of drugs or alcohol and the destruction of property.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of Henry's Section 3582(c)(2) motion for an abuse of discretion. *See United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009). As Henry acknowledges, he can prevail under the abuse of discretion standard only if he shows that the denial of his sentence reduction motion "rests upon a clearly erroneous finding of fact, an improper application of law to fact, an errant conclusion of law, or when no reasonable person would adopt the Court's view as it represents a clear error of judgment." Appellant's Br. at 15–16 (citing, *inter alia*, *Morgan v. Perry*, 142 F.3d 670, 682–83 (3d Cir. 1998)).

III.

According to Henry, the District Court abused its discretion by not reducing his sentence because "he had documented rehabilitative efforts"[4] and "he had already been adequately punished for his behavior."[5] Appellant's Br. at 17. We find, however, that the District Court's conclusion reflects a reasonable determination that Henry's

---

[4] Henry relies upon his successful completion of institutional rehabilitative programming and his expression of remorse for the assault.

[5] Henry claims that he was adequately punished for his assault by being transferred to a prison Special Management Unit and placed in disciplinary segregation; losing good time credit, visitation and other privileges; and being fined. As the Government points out, however, the severity of Henry's punishment for attacking another inmate does not weigh in favor of reducing Henry's sentence. It would certainly be "counterintuitive" for us to find "that an inmate who commits a more serious infraction should ultimately enjoy an improved chance of securing a sentence reduction over a fellow inmate who commits a much lesser infraction that results in a much lesser penalty." Appellee's Br. at 15.

4

rehabilitative factors did not override the concern for public safety, a factor that the United States Sentencing Commission instructs District Courts to consider when deciding a motion to reduce a defendant's sentence. *See* U.S.S.G. § 1B1.10, cmt. n.1(B)(ii) (directing courts to "consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment"). Here, the District Court was informed of Henry's rehabilitative efforts, in conjunction with Henry's attack on another inmate,[6] but reasonably concluded that Henry presented a public safety risk and did not deserve to have his sentence reduced. In light of the factors set forth in the Commentary to the Guidelines, *see* U.S.S.G. § 1B1.10, cmt. n.1(B), the District Court had a proper legal and factual basis for its decision. Accordingly, we cannot conclude that the District Court's decision was an abuse of discretion. *Cf. United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009).

IV.

For the reasons set forth herein, we will affirm the judgment of the District Court.

---

[6] As the Government points out, Henry's letter to the District Court, explaining the context of attacking his fellow inmate, did not justify his actions. Indeed, his excuse—blaming the prison conditions—was "a far cry from . . . showing [he] had no choice but to violently attack a fellow inmate with a dangerous weapon." Appellee's Br. at 14.

5