NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1386
_____

UNITED STATES OF AMERICA

v.

TYSHAUN ST. VALLIER,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-07-cr-00613-002)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 23, 2018

Before: HARDIMAN, BIBAS, and ROTH, *Circuit Judges*.

(Filed: October 15, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Tyshaun St. Vallier appeals an order of the United States District Court for the District of New Jersey denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We will affirm.

I

In December 2016, after some eight years in federal prison, St. Vallier asked the District Court to reduce his 204-month sentence because Amendment 782 to the United States Sentencing Guidelines retroactively reduced his drug offense calculation by two levels. *See* USSG App. C, Amend. 782 (eff. Nov. 1, 2014); USSG § 1B1.10(d). St. Vallier argued that he no longer posed a threat to public safety since he had maintained a good disciplinary record while incarcerated and he demonstrated "a changed way of thinking" through education and employment. App. 42–43. St. Vallier also argued that his sentence should take into account the 48-month sentence imposed on Ezra McCombs, a cooperating co-conspirator who was later learned to have underrepresented his criminal history.

The District Court denied St. Vallier's motion. In doing so, the judge completed a standard form issued by the Administrative Office of the United States Courts (Form AO-247), which certified that the District Court had considered the motion, along with Guidelines § 1B1.10's policy statements regarding sentence reductions under 18 U.S.C. § 3582(c)(2), and "the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable." App. 2. The District Court also referenced the factors it had

2

considered at St. Vallier's initial sentencing and resentencing (to correct a Guidelines calculation error), and opined that St. Vallier continued to pose a threat to public safety.

II[1]

In this appeal, St. Vallier claims the District Court's denial of his motion for a reduced sentence was procedurally unsound because the Court failed to meaningfully consider or adequately explain its rejection of his arguments or its application of the § 3553(a) factors. Because under § 3582(c)(2) "[t]he determination as to whether a reduction is warranted . . . is committed to the discretion of the district court," we review the District Court's decision for abuse of that discretion. *United States v. Styer*, 573 F.3d 151, 153 (3d Cir. 2009). And it bears noting that an adjudication of a § 3582(c)(2) motion "do[es] not constitute a full resentencing of the defendant." USSG § 1B1.10(a)(3); *see also Dillon v. United States*, 560 U.S. 817, 826 (2010). It "is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." *Styer*, 573 F.3d at 154 (citation omitted); s*ee also id.* at 153 (holding that, unlike a resentencing, defendants are "not entitled to an evidentiary hearing" on a § 3582(c)(2) motion).

The crux of St. Vallier's appeal is his claim that the District Court committed procedural error by "fail[ing] to mention and consider" his rehabilitation and disparity arguments. St. Vallier Br. 29. Neither the "mere recitals" of the AO-247 form nor the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. Our jurisdiction lies under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

3

District Court's additional explanation, he claims, sufficed to show a decision based on the record then before the Court, rather than the record as it stood at his initial sentencing or resentencing. *Id.* at 28–29. We disagree.

As the Supreme Court explained just a few months ago, the level of explanation required in adjudicating a § 3582(c)(2) motion "depends . . . upon the circumstances of the particular case." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). In *Chavez-Meza*, the Court found the district court's use of the AO-247 form—without additional explanation—to be sufficient in granting a sentence reduction that was disproportionate, even assuming "purely for argument's sake" that the level of explanation required was equivalent to that required at an original sentencing. *Id.* The Court clarified that a district judge's statements in prior sentencing proceedings may be considered on appellate review, since they "shed[] light" on whether the "record as a whole" reflects reasoned judgment. *Id.* at 1967.

The record in this case demonstrates that the District Court's denial of St. Vallier's motion was not an abuse of discretion. As in *Chavez-Meza*, the district judge who originally sentenced St. Vallier is the same judge who considered his § 3582(c)(2) motion. And also like *Chavez-Meza*, in light of the extensive record before the District Court and the thorough explanations offered in prior proceedings, "there was not much else for the judge to say." *Id.* Given St. Vallier's lengthy criminal history, his pretrial flight, and credible allegations that he had plotted to murder a cooperating witness, the District Court's statements demonstrated a "reasoned appraisal" of the relevant factors. *Styer*, 573 F.3d at 155 (quoting *Kimbrough v. United States*, 552 U.S. 85, 111 (2007)).

4

The fact that the District Court was not persuaded by St. Vallier's admirable prison record and his sentencing disparity argument does not mean that it ignored them.[2] *See id.* at 154. Rather, the District Court noted in its order that it had considered St. Vallier's motion, along with the relevant policy statements and § 3553(a) factors. Indeed, the District Court supplemented the form by explaining that the concerns it expressed at St. Vallier's prior sentencing proceedings still applied, and that St. Vallier continued to represent a risk to public safety. St. Vallier may "disagree[] with the comparatively little weight," *id.*, the District Court gave his arguments, but he has not shown an abuse of discretion.

\*     \*     \*

For the reasons stated, we will affirm the District Court's order.

---

[2] The Guideline application notes make clear, furthermore, that the District Court was not required to consider St. Vallier's post-sentencing conduct. *Compare* USSG § 1B1.10 cmt. 1(B)(iii) (providing that a district court "may consider post-sentencing conduct"), *with id.* § 1B1.10 cmt. 1(B)(i)–(ii) (providing that a district court "shall consider" the § 3553(a) factors and public safety).

5