NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4538
_____

UNITED STATES OF AMERICA

v.

WILSON RAMIREZ,
a/k/a BEJE
a/k/a ENAMO

Wilson Ramirez,
                                              Appellant

_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. Criminal Action No. 1-09-cr-00579-001)
District Judge:  Honorable Renee M. Bumb
_____

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2012
_____

Before:  AMBRO, CHAGARES and HARDIMAN, <u>Circuit Judges</u>

(Opinion filed: February 3, 2012 )
_____

OPINION
_____

AMBRO, <u>Circuit Judge</u>

Wilson Ramirez pled guilty to conspiracy to distribute and possession with intent

to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 846, and possession of a weapon by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The District Court sentenced him to 234 months' imprisonment, which exceeded the maximum sentence recommended under the Federal Sentencing Guidelines. Ramirez filed a timely notice of appeal. He asserts that the Court committed procedural and substantive error in varying upward from the Guidelines range. We disagree and thus affirm.[1]

## I.

Because we write solely for the parties, we recite only those facts necessary to our decision. Ramirez pled guilty pursuant to a written plea agreement that preserved his right to appeal the District Court's sentence if it exceeded the Guidelines range. At the sentencing hearing, the Court calculated the Guidelines range as 168-210 months. It then considered the relevant sentencing factors under 18 U.S.C. § 3553(a), specifically discussing Ramirez's lengthy and "disturbing" criminal history, the seriousness and sophistication of his offense, its concern that incarceration would not deter him from reoffending on release, its need to provide a sentence that would promote respect for the law, and its duty to protect the public. The Court also stated that Ramirez would "still be a young man when [he gets] out" if sentenced based on the Guidelines range. Appendix at 84. Finding that the Guidelines range did not reflect the seriousness of Ramirez's offense and would be too lenient to promote respect for the law and adequately protect

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

the public, the Court decided to vary upward and sentenced him to 234 months of imprisonment and five years of supervised release upon the completion of his prison term.

On appeal, Ramirez focuses on the District Court's statement that he would still be a "young man" if sentenced based on the Guidelines range. He notes that he would be 50 years old when released if sentenced to the maximum sentence recommended under the Guidelines, an age he contends is not "young." He thus argues that the Court based its sentence on an erroneous factual conclusion, thereby committing procedural error. He further argues that the sentence was substantively unreasonable because an upward variance of two years will not change his status as a "young man," and thus the sentence did not advance the Court's goal of deterring him from reoffending.

## II.

We review a district court's sentence for abuse of discretion. *United States v. Jones*, 566 F.3d 353, 366 (3d Cir. 2009). We apply a two-step process to determine whether a district court committed procedural or substantive error. *Id*. First, we "ensure that the district court committed no significant procedural error in arriving at its decision." *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008). Significant procedural errors include "failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). If we determine that the sentence is procedurally sound, "we then review the substantive reasonableness of the sentence." *Jones*, 566 F.3d at 366.

3

A sentence is substantively reasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

A sentence outside of the Guidelines range is not presumptively unreasonable. *Id.* at 567. We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *Wise*, 515 F.3d at 218.

The District Court based its decision to vary upward from the Guidelines range on a consideration of the § 3553(a) factors, including Ramirez's criminal history, the seriousness and complexity of the crime, the need for general and specific deterrence, and the protection of the public. Its passing remark that Ramirez would be a "young man" if sentenced to the maximum sentence recommended under the Guidelines was part of its detailed and comprehensive analysis of the § 3553(a) factors. It did not commit procedural error.

In addition, the sentence is substantively reasonable. In addressing the § 3553(a) factors, the District Court "set forth enough to satisfy [us] that [s]he . . . considered the parties' arguments and ha[d] a reasoned basis for exercising [her] own legal decisionmaking authority." *Jones*, 566 F.3d at 366 (citations and internal quotation marks omitted). A reasonable sentencing court could have imposed the same sentence.

\* \* \* \* \*

For these reasons, we affirm.