**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1920
_____

UNITED STATES OF AMERICA,

v.

WILSON RAMIREZ,
a/k/a Beja, a/k/a Enano,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
D.C. Crim. No. 1-09-cr-00579-001
District Judge: Hon. Renée Marie Bumb
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 24, 2019
_____

Before: GREENAWAY, JR., PORTER, and GREENBERG,
*Circuit Judges*

(Filed: November 13, 2019)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

Wilson Ramirez moved for a sentence reduction because an amendment to the United States Sentencing Guidelines reduced the guideline range for his drug offense. The District Court granted Ramirez's motion, reducing his sentence to the higher end of the newly amended range. But the District Court also included a twenty-four-month upward variance in Ramirez's modified sentence—the same upward variance that the District Court imposed in Ramirez's original sentence. Ramirez complains on appeal that the District Court abused its discretion when it imposed his new sentence. We disagree. Because Ramirez's new sentence is reasonable, we will affirm.

**I**

In May 2010, Ramirez pleaded guilty to (1) conspiracy with intent to distribute, in violation of 21 U.S.C. § 846, and (2) possession of a weapon by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The guideline range for these offenses was 168 to 210 months. The District Court ultimately imposed a 234-month sentence, which included a twenty-four-month upward variance. Ramirez appealed his original sentence, and we affirmed his sentence of 234 months' imprisonment. *See United States v. Ramirez*, 460 F. App'x 119, 120–22 (3d Cir. 2012).

In 2014, the Sentencing Commission promulgated a new amendment to the Sentencing Guidelines: Amendment 782. The amendment affected the guideline ranges for offenses involving certain drug quantities—including the quantity associated with Ramirez's drug offense. *See* U.S.S.G. app. C, amend. 782 (Supp. Nov. 1, 2014). Specifically, it reduced the base-offense levels calculated under U.S.S.G. § 2D1.1 by two

2

levels. *See id.* Amendment 782 applies retroactively. U.S.S.G. app. C, amend. 788 (Supp. Nov. 1, 2014); *see United States v. Thompson*, 825 F.3d 198, 202 (3d Cir. 2016).

Because of Amendment 782, Ramirez moved for a sentence reduction under 18 U.S.C. § 3582(c). The government and Ramirez agreed that the new guideline range for Ramirez's sentence was 140 to 175 months. Ramirez moved for a reduced sentence of 140 months. The government deferred to the District Court's discretion in modifying Ramirez's sentence. But it argued that, if the District Court reduced Ramirez's sentence, the District Court should still impose the twenty-four-month upward variance.

The District Court granted Ramirez's motion and reduced his sentence to 199 months. The District Court first found that the applicable guideline range under Amendment 782 was 140 to 175 months. Then, it considered the appropriate sentencing factors. The District Court ultimately imposed the new sentence, which still included the twenty-four-month upward variance. Ramirez timely appealed.

**II**

The District Court had jurisdiction over the criminal action under 18 U.S.C. § 3231. And it had jurisdiction to consider Ramirez's motion for a sentence reduction under 18 U.S.C. § 3582(c). We have jurisdiction over Ramirez's appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

**III**

Ramirez challenges his reduced sentence. We review an appeal of a sentence reduction for abuse of discretion. *See Thompson*, 825 F.3d at 203 (citation omitted).

When considering a sentence modification, a district court performs a two-step analysis. First, it must decide whether the Sentencing Commission reduced the relevant sentencing range, which would make the prisoner eligible for a sentence reduction. *See Dillon v. United States*, 560 U.S. 817, 827 (2010). When the Sentencing Commission reduces a sentencing range for a prisoner's offenses, a district court may then consider reducing that prisoner's sentence. *See* 18 U.S.C. § 3582(c). No one disputes that Amendment 782 reduced the sentencing range for Ramirez's drug offense. Thus, the first step of the analysis is not at issue.

Second, when a district court modifies a sentence, it must examine the appropriate sentencing factors. These include the 18 U.S.C. § 3553(a) factors. *See* § 3582(c)(2); *see also Dillon*, 560 U.S. at 827. We have also considered whether a prisoner threatens public safety. *See United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009). And a district court may consider—but need not take into account—a prisoner's post-sentence conduct. U.S.S.G. § 1B1.10, cmt. n.1(B)(iii); *see Styer*, 573 F.3d at 154 n.4.

Ramirez's appeal focuses on the second step of the analysis. When reviewing an appeal of a sentencing modification, we ultimately "ensure that the sentence, even if beyond the guideline range, is 'within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors.'" *Styer*, 573 F.3d at 155 (quoting *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008)). And we will reverse a sentence only when "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

4

The District Court properly exercised its discretion by reducing Ramirez's sentence to 199 months. It also did not abuse its discretion by reimposing the twenty-four-month upward variance. The District Court again considered the § 3553(a) factors. And the District Court determined that "its analysis of these factors ha[d] not changed since the time [Ramirez] was sentenced[.]" App. 16. The District Court therefore found that the factors "weigh[ed] in favor of an upward variance from the [g]uideline range." *Id.*

Next, the District Court considered the public-safety factor. It found that Ramirez's criminal history weighed against reducing his sentence. It also found that "[s]pecific deterrence by a greater sentence remain[ed] warranted." *Id.* (citation omitted). And lastly, the District Court evaluated Ramirez's post-sentencing conduct. It found that Ramirez "was not a model prisoner, having committed six infractions that resulted in disciplinary sanctions." App. 17 (citation omitted). Based on all the factors, the District Court reasonably imposed the 199-month sentence, including the twenty-four-month upward variance.

Ramirez raises three arguments on appeal, but all three ring hollow. First, he claims that applying the twenty-four-month upward variance to his modified sentence leads to a disproportionately higher variance than the one originally imposed by the District Court. But "it is unsurprising that changing the applicable range may lead a judge to choose a nonproportional point on the new range. We see nothing that favors the one or the other." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018). And we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole,

justify the extent of the variance." *Wise*, 515 F.3d at 218 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)) (other citation omitted). Thus, Ramirez's first argument falls short.

Ramirez's last two arguments are disagreements with how the District Court weighed the appropriate sentencing factors. Ramirez complains that the District Court's analysis of both the § 3553(a) factors and Ramirez's threat to public safety focused too much on concerns from his original sentencing. Ramirez also believes that the District Court failed to give proper weight to his positive, post-sentence conduct. But "a district court's failure to give mitigating factors the weight a defendant contends they deserve [does not] render[ ] the sentence unreasonable." *United States v. Bungar*, 478 F.3d 540, 546 (3d Cir. 2007) (citations omitted). So Ramirez's last two arguments likewise fail.

In sum, the District Court's reasoned analysis is more than enough for us to conclude that its "explanation … fell within the scope of the lawful professional judgment that the law confers upon the sentencing judge." *See Chavez-Meza*, 138 S. Ct. at 1968 (citation omitted). None of Ramirez's arguments disturbs this conclusion.

\*\*\*\*\*

The District Court did not abuse its discretion when it imposed the modified sentence on Ramirez. Thus, we will affirm.

6