ALD-101                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2247
_____

UNITED STATES OF AMERICA

v.

ANDERSON JOSE COUTINHO-SILVA,
                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Criminal No. 2:10-cr-00002-001)
District Judge:  Honorable John M. Younge
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
March 13, 2025
Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed March 21, 2025)
_____

OPINION[*]
_____

PER CURIAM

        Anderson Jose Coutinho-Silva appeals pro se from the District Court's denial of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

his motions for a sentence reduction. The Government has filed a motion for summary action. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

Coutinho-Silva is serving a 207-month sentence for his convictions for Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), using a firearm during and in relation to a crime of violence under § 924(c), and being an alien in possession of a firearm under § 922(g)(5)(A). His convictions stem from the October 8, 2009 armed robbery of a Philadelphia pizza shop, when he shot a customer in the chest.

In December 2023 and May 2024, Coutinho-Silva filed motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that retroactive changes to the Sentencing Guidelines allowed him to qualify for a reduction to his sentence. In response, the Government acknowledged that Coutinho-Silva was eligible for a reduction but argued that the relevant factors under 18 U.S.C. § 3553(a) weighed against granting any reduction. The District Court agreed and denied Coutinho-Silva's motion on that basis. Coutinho-Silva has appealed.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's interpretation of the Sentencing Guidelines is plenary, while our review of the ultimate decision to grant or deny an authorized sentence reduction is for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We grant the Government's motion for summary action. The parties do not

dispute that Coutinho-Silva was eligible for a sentence reduction. However, as required by § 3582(c)(2), the District Court then considered the sentencing factors under § 3553(a). See Dillon v. United States, 560 U.S. 817, 827 (2010) (explaining that, after determining whether a litigant is eligible for a sentence modification, "§ 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case"). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), as well as the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(A)-(C).

The District Court noted that Coutinho-Silva was given a sentence at the highest end of the guideline range to reflect the severity of his offense, as he near-fatally shot the bystander victim during a robbery. The victim needed extensive rehabilitation to recover from the shooting and strongly opposes Coutinho-Silva's early release. Coutinho-Silva was also on probation for a burglary offense at the time that he committed this robbery. Further, the District Court discussed Coutinho-Silva's extensive post-incarceration disciplinary record, which suggests that he continues to pose a danger to the public, as he has been repeatedly disciplined for setting fires, assault, fighting and disruptive behavior, and failure to comply with orders. The District Court concluded that all of these factors weighed strongly against a sentence reduction and showed that Coutinho-Silva's original

sentence appropriately reflected the seriousness of his conduct.

On appeal, Coutinho-Silva argues that he is not a danger to the community because he will be deported once his sentence is complete, and because he insists that none of his post-incarceration disciplinary infractions were serious. However, he provides no evidence in support of those arguments, and we discern no abuse of discretion in the District Court's decision to deny a sentence reduction under the circumstances of this case.

We are satisfied that the District Court "carefully articulated its reasons for not granting [a] reduction" and thus undertook the kind of "reasoned appraisal to which we defer on review." See United States v. Styer, 573 F.3d 151, 155 (3d Cir. 2009) (internal quotation marks and citation omitted). Because this appeal does not present a substantial question, we grant the Government's motion for summary action, and we will summarily affirm the District Court's judgment.[1]

---

[1] The Government's request to be excused from filing a brief is granted.